IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILLIAM D. CHAMBERS and<br>LAURIE A. CHAMBERS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Cause No. 5:20-CV-431 |
| KEYSTONE RV COMPANY | § § § | |
| Defendant. | § § | |

## KEYSTONE RV COMPANY'S NOTICE OF REMOVAL

Pursuant to sections 1441 and 1446, Title 28 of the United States Code, Defendant KEYSTONE RV COMPANY ("Keystone" or "Defendant") respectfully files this Notice of Removal, removing Cause No. 2020CV01612, *William D. Chambers and Laurie A. Chambers v. Keystone RV Company*, from the County Court at Law No. 10, Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, as follows:

## PROCEDURAL HISTORY

1. On March 5, 2020 Plaintiffs WILLIAM D. CHAMBERS and LAURIE A. CHAMBERS ("Plaintiffs") filed their Original Petition and Requests for Disclosure ("Original Petition") in the County Court at Law No. 10, Bexar County, Texas, Cause No. 2020CV01612, based on allegations that certain defects in a 2018 Keystone Alpine 3301GR fifth-wheel trailer exist and that, as a result, Keystone has violated certain provisions of the Texas Deceptive Trade Practices Act ("DTPA"), including those found in Tex. Bus. Comm. Code §§17.46 and 17.50. *See generally* **Ex. A**, State Ct. Rec., Pl.'s Orig. Pet., Sections V. ("FACTUAL ALLEGATIONS") and VI. ("VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT AND

BREACH OF EXPRESS AND IMPLIED WARRANTIES."). Citation to Keystone was not issued until March 10, 2020, and service on Keystone was made by certified after that date. *See generally* **Ex. A**, State Ct. Rec.

2. Plaintiffs identify themselves as San Antonio, Bexar County, Texas residents. **Ex. A**, State Ct. R., Pl.'s Orig. Pet., Section II ("PARTIES"). Plaintiffs each are also citizens of Texas.

3. Although Plaintiffs allege Keystone "is a corporation doing business under the laws of the State of Texas and Bexar County, Texas," *see id.*, Keystone is incorporated under the laws of Delaware and has its principal place of business in Goshen, Elkhart County, Indiana. Keystone thus is a citizen of Delaware and Indiana. Keystone is not a citizen of Texas.

4. Plaintiffs allege they suffered the following damages, to quote:

> (1) Economic loss for the diminished value and costs of repair of the vehicle by reason of its defects, which amount, Plaintiffs assert is $75,000; alternatively
>
> (2) Economic loss for Plaintiff's loss of use of the vehicle each and every time Plaintiff sought to have warranty work performed on his vehicle $25,000.00;
>
> (3) Mental anguish damages for the extreme mental anguish and emotional distress caused by Defendants' conduct herein in an amount to be determined by the triers-of-fact in this case, Plaintiffs assert at $25,000.00;
>
> (4) Statutory damages.
>
> (5) Attorney's fees as per Ch. 17, Texas Business and Commerce Code.

*Id.*, Section VII., "DAMAGES."

5. Further, in Section 1 of their Original Petition, Plaintiffs allege they are "seeking monetary relief of $200,000.00 or less." *Id.*, Section I., "DISCOVERY PLAN – LEVEL II."

6. Plaintiffs also allege in their Original Petition that they seek "cost of court, prejudgment and post-judgment interest." *Id.,* Section XI., PRAYER.

7.      Keystone now timely files this Notice of Removal within thirty days of receipt of the Original Petition that demonstrates this case is removable.  *See* 28 U.S.C. § 1446(b)(3).

## GROUNDS FOR REMOVAL

8.      Subject matter jurisdiction exists pursuant to section 1332, Title 28 of the United States Code — diversity jurisdiction.

9.      Pursuant to section 1332,

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between —
>
> (1) citizens of different States . . . .

28 U.S.C. § 1332(a)(1).

***A.      Total Diversity Exists Among the Parties.***

10.     Diversity must exist at the time a lawsuit is commenced. *Coury v. Prot*, 85 F.3d 244, 249-50 (5th Cir. 1996).

11.     The citizenship of an individual is based on the individual's domicile. *Id.* at 250.

12.     The citizenship of a corporation is its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

13.     Plaintiffs allege they reside in Texas, and therefore, they are citizens of Texas for purposes of diversity jurisdiction. **Ex. A**, State Ct. R., Pl.'s Orig. Pet., Section II ("PARTIES").

14.     Keystone is a citizen of Delaware, its place of incorporation, and Indiana, the location of its principal place of business.

15.     Hence, total diversity exists among the parties.

### B.     *The Amount in Controversy Is Satisfied.*

16.     It is facially apparent the allegations taken as a whole demonstrate Plaintiffs seek an amount in excess of the jurisdictional floor.

17.     Plaintiffs seek to recover for a variety of categorical damages as set forth *supra* in paragraphs 4.

18.     Moreover, as noted in paragraph 5, *supra*, Plaintiffs expressly plead they seek "monetary relief of $200,000 or less."

19.     Therefore, the amount in controversy is satisfied.

## PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURE

20.     Pursuant to section 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending, and Keystone is not a citizen of Texas, making removal to this Court proper, *cf.* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

21.     There are no other defendants named in this action, making consent to removal from any other defendant unnecessary.

22.     Keystone will properly give all parties written notice of the filing of this Notice of Removal as required by section 1446(d).  Keystone will also promptly file a copy of this Notice of Removal with the Clerk of the Court for the County Court at Law No. 10, Bexar County, Texas.

23. True and correct copies of all process, pleadings, and the Orders served in the state court action are being filed with this Notice of Removal, as required by section 1446(a). *See* **Ex. A**, State Ct. R.

**WHEREFORE, PREMISES CONSIDERED**, Defendant KEYSTONE RV COMPANY, pursuant to and in conformity with the requirements set forth in section 1446, respectfully removes Cause No. 2020CV01612, *William D. Chambers and Laurie A. Chambers v. Keystone RV Company*, from the County Court at Law No. 10, Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

Dated: April 3, 2020.

Respectfully submitted,

/s/John W. Arnold
John W. Arnold, TX Bar No. 00795231
CROWE, ARNOLD & MAJORS LLP
6550 Bank of America Plaza
901 Main Street
Dallas, TX 75202
214-231-0555 Telephone
214-231-0556 Facsimile
Email: jarnold@bcklaw.com

**ATTORNEYS FOR DEFENDANT KEYSTONE RV COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2020, and as per the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document has been served upon the following counsel via ECF filing, email and Certified Mail, return receipt requested:

Paul A. Torres
Torres Law Firm
408 Dwyer Avenue
Historic Teagarden House
San Antonio, Texas 78204
paul@torreslawpc.com

                                    /s/John W. Arnold
                                    JOHN W. ARNOLD